FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SEP 5 – 2006

Civil Action No. 06-cv-01586-BNB

CLERK

EDWIN MARK ACKERMAN,

Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR BILL OWENS,
ATTORNEY GENERAL KEN SALIZAR [sic],
COLORADO DEPARTMENT OF CORRECTIONS,
DIRECTOR OF CDOC JOE ORTIZ,
FREMONT CORRECTIONAL FACILITY,
FCF WARDEN GARY WATKINS,
ASST. WARDEN SUSAN JONES,
FCF ANITA WILLIAMS,
ASST. WARDEN GLORIA MASTERSON,
HOUSING MAJ. DOUG DIEDRICH,
HOUSING CAPT. CAPT. JOHN HYATT,
CH5 CAPT. TORRES,
CH5 C/O SHELTON
CH5 C/O GILLIS,
CH5 LT. DEPPE,
CH5 CASE MANAGER BETTY FULTON,
HEAD CASE MANAGER JOHN CARROLL,
CASE MANAGER WRIGHT,
CASE MANAGER G. JONES,
LT. JAMES HARDING,
CASE MANAGER SHELLY ORITZ,
CASE MANAGER JOHN PRATT,
HEARING OFFICER CHARLES TAPPE,
LT. LANCE JOHNSON,
LT. JEFF HAWKINS,
LT. GREG CLAYTON,
HEARINGS OFFICER PAT SHINER, and
MENTAL HEALTH MR. STEELE,

Defendants.

## ORDER TO AMEND COMPLAINT AND TO SHOW CAUSE

Plaintiff Edwin Mark Ackerman is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Ackerman has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Mr. Ackerman seeks injunctive relief and a jury trial.

The Court must construe the Complaint liberally because Mr. Ackerman is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ackerman will be ordered to amend and assert personal participation by properly named defendants and to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies.

To the extent that Plaintiff has raised constitutional claims pursuant to § 1983, he must assert personal participation by each named defendant in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's

2

participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, a defendant, such as named Defendants FCF Warden Gary Watkins, Asst. Warden Susan Jones, Asst. Warden Gloria Masterson, Housing Maj. Doug Diedrich, and Ch 5 Capt. Torres, may not be held liable on a theory of respondeat superior merely because of their supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr. Ackerman is instructed to amend the Complaint and assert how each named Defendant personally participated in the alleged constitutional violations.

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Ackerman is a prisoner confined in a correctional facility. He claims in this action that Defendants have retaliated against him and have conspired to place him in administrative segregation. He further asserts that he has been sexually harassed, discriminated against, and has had his Eighth Amendment rights violated. Because the issues Mr. Ackerman raises in the Complaint relate to prison conditions, he must exhaust the available administrative remedies.

3

Section 1997e(a) also "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003).  To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Ackerman must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

In response to Question One under Section "F. Administrative Relief," on Page Seven of the complaint form, Mr. Ackerman states that there is a grievance procedure at the institution where he is confined.  In response to Question Two under the same section, Plaintiff states that "[t]hese were a part of the original motion in case 06-cv-00346 but due to tampering with evidence it is now missing."  Even though it is not the Court's responsibility to search through previous filings to find copies of grievances that may relate to claims in the instant action, the Court has reviewed Case No. 06-cv-00346-ZLW.  None of the attachments in that case pertain to the issues raised in the instant action.  Furthermore, even if they did relate the grievances Plaintiff attached in Case No. 06-cv-00346-ZLW are not exhausted.

The only grievance Mr. Ackerman has attached in the instant action is a copy of a step-one grievance that he filed on June 9, 2006, in which he seeks an expungement of his conviction and a return to general population.  Although he states in the grievance that he challenges the whole process that he has had to endure since May 18, 2006, the grievance is not in keeping with DOC Administration Regulations in that a grievance shall address only one problem.  DOC Administrative Regulations, Grievance Procedure 850-04, IV.B.3.a.  Furthermore, he does not address his claims of sexual harassment, retaliation, conspiracy, physical and mental abuse, and deliberate

4

indifference to his mental health in the step-one grievance. The grievance also was denied because Plaintiff asked for relief that is not available in a grievance.

Mr. Ackerman is advised that § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Ackerman has not exhausted administrative remedies for all of the claims he raises in this action, the entire Complaint must be dismissed. Furthermore, § 1997e requires that Plaintiff properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006).

Therefore, Mr. Ackerman will be ordered to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that Mr. Ackerman file **within thirty days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Ackerman, together with a copy of this Order, two copies of a current Court-approved Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Ackerman submit sufficient copies of the

Amended Complaint to serve each named defendant.  It is

FURTHER ORDERED that if Mr. Ackerman fails to comply with this Order to the

Court's satisfaction, within the time allowed, the Complaint and the action will be

dismissed without further notice.

DATED September 5, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01586-BNB

Edwin Mark Ackerman
Prisoner No. 87741
Fremont Corr. Facility
PO Box 999
Canon City, CO 81215-0999

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___9-5-06___

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk