IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 2 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01586-BNB

EDWIN MARK ACKERMAN,

    Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR BILL OWENS,
ATTORNEY GENERAL KEN SALIZAR [sic],
COLORADO DEPARTMENT OF CORRECTIONS,
DIRECTOR OF CDOC JOE ORTIZ,
FREMONT CORRECTIONAL FACILITY,
FCF WARDEN GARY WATKINS,
ASST. WARDEN SUSAN JONES,
FCF ANITA WILLIAMS,
ASST. WARDEN GLORIA MASTERSON,
HOUSING MAJ. DOUG DIEDRICH,
HOUSING CAPT. CAPT. JOHN HYATT,
CH5 CAPT. TORRES,
CH5 C/O SHELTON,
CH5 C/O GILLIS,
CH5 LT. DEPPE,
CH5 CASE MANAGER BETTY FULTON,
HEAD CASE MANAGER JOHN CARROLL,
CASE MANAGER WRIGHT,
CASE MANAGER G. JONES,
LT. JAMES HARDING,
CASE MANAGER SHELLY ORITZ,
CASE MANAGER JOHN PRATT,
HEARING OFFICER CHARLES TAPPE,
LT. LANCE JOHNSON,
LT. JEFF HAWKINS,
LT. GREG CLAYTON,
HEARINGS OFFICER PAT SHINER, and
MR. STEELE, Mental Health,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

On October 23, 2006, Plaintiff Edwin Mark Ackerman filed a "Motion to Reconsider the Courts [sic] Decision to Dismiss." The Court must construe the Motion liberally because Mr. Ackerman is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion to Reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Ackerman filed the Motion to Reconsider within ten days after the Order and Judgment of Dismissal filed on October 12, 2006. Therefore, the Court will consider the Motion pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed Plaintiff's Complaint, Amended Complaint, and the action without prejudice for failure to exhaust administrative remedies and for failure to assert personal participation by properly named defendants. The reasons for the dismissal are discussed in detail in the October 12, 2006, Order.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Ackerman fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Ackerman does not allege the existence of any new law or evidence, and the Court remains convinced that Mr. Ackerman failed to exhaust DOC administrative remedies. Therefore, the Motion to Reconsider will be denied. If Mr. Ackerman wishes to pursue his claims, he may do so after exhausting the DOC's grievance process as to each of his claims. The Court will not consider the Amended Complaint that Plaintiff submitted on October 23, 2006. Accordingly, it is

ORDERED that Plaintiff's Motion to Reconsider, filed on October 23, 2006, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this __1__ day of _____Nov._____, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01586-BNB

Edwin Mark Ackerman
Prisoner No. 87741
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __11/2/06__

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk